UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

TIRON LYONS,

                Plaintiff,

-against-

THE CITY OF POUGHKEEPSIE and POLICE
OFFICER MICHAEL BARBAGALLO, POLICE
OFFICER EDWIN ACKEN, and UNKNOWN
POLICE OFFICERS 1-5,

                Defendants.
_____x

Case No. **08 CIV. 4743**

**COMPLAINT**

JUDGE KARAS

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by plaintiff against the above-named police officers, who unlawfully assaulted and arrested him, subjected him to excessive force during the course of his arrest, and then subjected him to a baseless criminal prosecution, and against the City of Poughkeepsie, as the supervisory body responsible for the conduct of the defendants and for its failure to take corrective action with respect to said police officers, whose vicious propensities were notorious, to assure proper training and supervision of the officers, or to implement meaningful procedures to discourage lawless official conduct. The City of Poughkeepsie is sued as a person under 42 U.S.C. Section 1983.

## JURISDICTION

2. This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the Fourth Amendment to the Constitution of the United States. Jurisdiction is conferred by

28 U.S.C. §§ 1331, and plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law.

## PARTIES

3. At all times relevant to the allegations of this complaint, plaintiff Tiron Lyons is an individual residing in the County of Dutchess, State of New York.

4. At all times relevant to the allegations of this complaint, defendant POLICE OFFICER MICHAEL BARBAGALLO, POLICE OFFICER EDWIN ACKEN, and UNKNOWN POLICE OFFICERS 1-5, (hereafter "defendant police officers" or "individual defendants") were employed by the City of Poughkeepsie Police Department to perform duties in the City of Poughkeepsie.

5. At all times relevant, the defendant police officers above-named were acting in the capacity of agents, servants and employees of defendant City of Poughkeepsie and are sued individually and in their official capacities.

6. At all times relevant, defendant City of Poughkeepsie was a municipal corporation duly formed under the laws of New York State, and was the employer and supervisor of defendant police officer. As such, it was responsible for defendants' training, supervision and conduct. It was also responsible, under law, for enforcing the regulations of the City of Poughkeepsie Police Department and for ensuring that City of Poughkeepsie police personnel obey the laws of the State of New York and of the United States.

7. At all times relevant hereto and in all his actions described herein, defendant police officers were acting under color of law and pursuant to their authority as police officers.

## FACTUAL ALLEGATIONS

8. On or about April 21, 2007, plaintiff was lawfully on a public street in Poughkeepsie, New York, when he was approached by a police officer, on information and belief defendant Michael Barbagallo, who was driving alone in a marked K-9 Unit patrol car.

9. Defendant Barbagallo began to yell and plaintiff and asked him what his problem was. Plaintiff replied that he had no problem. Defendant Barbagallo thereupon called by radio for assistance, and more police officers (both uniformed and plain clothes) quickly arrived. These police officers surrounded plaintiff, who was alone.

10. As plaintiff stood there with his hands above his head, he was tackled by one of the police officers and handcuffed. Plaintiff did not resist the arrest.

11. After plaintiff was handcuffed, defendant Barbagallo brought his dog from the K-9 car, and the dog was permitted to bite plaintiff numerous times on the legs and buttocks. Plaintiff was bitten numerous times, his pants were ripped, and he was bleeding heavily.

12. After a few minutes, plaintiff was picked up and put into one of the police cars. He was not told why he had been arrested or assaulted.

13. After his arrest, plaintiff was taken to the Poughkeepsie Police station, where he was photographed and fingerprinted and then put into a holding cell. He stayed in the holding cell approximately twelve hours before he was released.

14. During his imprisonment, plaintiff was in severe pain, but was not afforded any medical treatment, despite numerous requests.

15. After numerous court appearances, plaintiff accepted a plea of adjournment in contemplation of dismissal for all charges.

## FEDERAL CAUSES OF ACTION

16. Each and every allegation set forth in Paragraphs "1" through "15" is incorporated herein by reference.

17. The above-described actions and omissions, engaged in under color of state authority by defendants, including defendant City of Poughkeepsie, responsible because of its authorization, condonation and ratification thereof for the acts of its agents, police officers above named, deprived plaintiff of the rights secured to him by the Constitution of the United States, including, but not limited to:

   a. the Fourth Amendment right to be free from unreasonable search and seizure;

   b. the Fourth Amendment right to be free from false arrest and false imprisonment;

   c. the Fourth Amendment right to be free from excessive force used in the course of an arrest; and

   d. the Fourth Amendment right to be free from malicious prosecution.

## PENDANT STATE CAUSES OF ACTION

18. Each and every allegation set forth in Paragraphs "1" through "15" is incorporated herein by reference.

19. Plaintiff served a written Notice of Claim with defendant City of Poughkeepsie within ninety days after his claim arose, demanding adjustment and payment, as mandated by Section 50(e) of the General Municipal Law of the State of New York.

20. More than thirty days have elapsed since the service of such Notice of Claim and adjustment or payment thereof has been neglected or refused.

21. The acts and conduct hereinbefore alleged constitute assault and battery and false arrest and imprisonment under the laws of the State of New York. This Court has pendant jurisdiction to hear and adjudicate those claims.

22. The City of Poughkeepsie is also liable under the doctrine of vicarious liability because the individual defendant was acting within the scope of his employment at the time of his alleged actions.

## MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. § 1983

23. The aforesaid event was not an isolated incident. The City of Poughkeepsie has been aware for years (from lawsuits, notices of claim and complaints filed with the City of Poughkeepsie Police Department and the City of Poughkeepsie) that many of its police officers are insufficiently trained with respect to the laws of illegal search and seizure, excessive force, false arrest/false imprisonment and malicious prosecution. The City is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, the City has failed to take corrective action. This failure caused the officers in the present case to violate plaintiff's civil rights.

24. The City of Poughkeepsie is also liable because it has been on notice that the defendant police officers lack the objectivity, temperament, maturity, and discretion to be members of the City of Poughkeepsie Police Department. Despite such notice, the City has retained the individual defendants as police officers. This conduct amounts to gross negligence and deliberate indifference to the rights of citizens such as the plaintiffs.

## ATTORNEY'S FEES

25. Plaintiff is entitled to an award of attorney's fees, pursuant to 42 U.S.C. 1988.

WHEREFORE, plaintiff demands the following relief, jointly and severally, against all defendants:

    (a)    Compensatory damages in the amount to be determined at trial;

    (b)    Punitive damages in the amount of to be determined at trial;

    (c)    Attorneys' fees pursuant to 42 U.S.C. 1988; and

    (d)    Such other and further relief as to the Court seems just and proper.

DATED:    Newburgh, New York
April 30, 2008

**COBB & COBB**

By: _____
JOHN COBB (JC 9884)
Attorneys for Plaintiff
724 Broadway
Newburgh, NY 12550
(845) 351-5612